O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO DIAZ, <br><br>    Plaintiff, <br>  v. <br><br> JESUS GUTIERREZ, JESSICA ANDJELKOVIC, JUAN IGNACIO GARCIA, and DOES 1-10, <br><br>    Defendants. | Case No. 2:13-cv-08023-ODW(RZx) <br><br> **ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS [8, 10]** |

## I.  INTRODUCTION

Plaintiff Alejandro Diaz filed the Complaint on October 30, 2013, alleging violations of the Americans with Disabilities Act and associated state law claims. (ECF No.1.)  Plaintiff alleges that he is disabled, requiring a wheelchair for mobility, and that on August 13, 2013, he was unable to access a 99 Cent Store in Los Angeles, California, because it had no wheelchair ramp.  (Compl. ¶¶ 1, 12–16.)  Defendants Jesus Gutierrez and Jessica Andjelkovic are allegedly the owners of the property where the store is located.  (*Id.* ¶¶ 4–5.)  Defendant Juan Ignacio Garcia is allegedly the owner of the store.  (*Id.* ¶ 3.)  Before the Court are two nearly identical Motions to Dismiss—the first was filed by Garcia on November 26, 2013 and the second was filed by Gutierrez and Andjelkovic on December 6, 2013.  (ECF Nos. 8, 10.)  All of the Defendants are proceeding pro se.  Having carefully considered the papers filed in

support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. For the reasons set forth below, the Court hereby **DENIES** both Motions to Dismiss.

## II.   DISCUSSION

Defendants raise a handful of arguments in their Motions. First, Defendants contend that Plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendants support this argument by stating that the factual allegations in the Complaint are untrue—specifically that Plaintiff never visited the 99 Cent Store. (*See* Garcia Decl. 2:8–17; Gutierrez Decl. 4:14–20.) Defendants also appear to question this Court's subject-matter jurisdiction under Rule 12(b)(1). Finally, Defendants point out that Plaintiff has filed several similar cases, which they argue are all fraudulent. (Garcia Decl. 2:21–3:5; Gutierrez Decl. 3:22–4:7.)

Since subject-matter jurisdiction is required in order for this Court to proceed, the Court addresses this argument first. The Complaint asserts four claims, including a violation of the ADA. The ADA is a federal law, which meets the requirements of federal-question jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367. The three other claims in this action are all related to the alleged ADA violations. The claims for violations of California's Unruh Civil Rights Act and Disabled Persons Act are premised on a violation of the ADA. Plaintiff's negligence claim is based on the same underlying facts that are allegedly a violation of the ADA, that Defendants failed to put a handicap access ramp at the entrance of the 99 Cent Store. Accordingly, the Court has subject-matter jurisdiction over this action.

Defendants' arguments that Plaintiff has failed to state a claim under Rule 12(b)(6) are also unavailing. A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

2

699 (9th Cir. 1990). But to survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Moreover, a court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).

Here, Defendants base their arguments for dismissal under Rule 12(b)(6) on facts not contained in the Complaint or any other pleading. But the Court does not have the power to consider facts beyond the pleadings. Instead, the Court must accept factual allegations in the Complaint as true. *Id.* In addition, the Court finds that Plaintiff has met the notice pleading standard under Rule 8(a)(2). The Complaint contains allegations of when and where the alleged ADA violations occurred and what is allegedly in violation. (*See e.g.*, Compl. ¶¶ 1, 12–16.) This is sufficient to survive the present Motions to Dismiss.

As to Defendants' final grounds for dismissal, the Court is aware that Plaintiff is a frequent visitor to the Central District of California.[1] Nevertheless, Defendants' contention that this case is fraudulent because Plaintiff has filed several similar lawsuits is unsupported at this time. Plaintiff and his counsel are subject to the requirements of Federal Rule of Civil Procedure 11, which means that the Complaint in this case was necessarily filed in good faith and without an improper purpose. The fact that Plaintiff has filed other lawsuits does not alone demonstrate a fraud on this Court.

### III. CONCLUSION

For the reasons discussed above, Defendants' Motions to Dismiss are **DENIED**. (ECF Nos. 8, 10.)

---

[1] As of this date, Plaintiff has the following cases pending in the Central District of California: 2:13-cv-7575-RSWL (AJWx); 2:13-cv-7636-RGK (JCx); 2:13-cv-8021-GW (MRWx); 2:13-cv-8022-FMO (MRWx); 2:13-cv-8023-ODW (RZx); 2:13-cv-8057-FMO (CWx); and 8:13-cv-1614-CJC (JPRx).

Finally, Defendants are advised that a Federal Pro Se Clinic is located in the United States Courthouse at 312 N. Spring Street, Room 525, Fifth Floor, Los Angeles, California 90012. The clinic is open for appointments on Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m. and 2:00 p.m. to 4:00 p.m. The Federal Pro Se Clinic offers free, on-site information and guidance to individuals who are representing themselves in federal civil actions. For more information, Defendants may visit http://www.cacd.uscourts.gov/ and follow the link for "Pro Se Clinic – Los Angeles" or contact Public Counsel at 213-385-2977, extension 270. Defendants are encouraged to visit the clinic, or seek the advice of an attorney, as this case proceeds.

**IT IS SO ORDERED.**

January 14, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**